UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PERRY W. HODGES, as Personal Representative
of the Estate of JOSE HIRAM GALVAN
DE LA O, deceased

    Plaintiff,

v.

LEARJET, INC. and MAGELLAN AEROSPACE,
MIDDLETOWN, INC.,

    Defendants.
_____/

Case No. 0:15-cv-60105

USDC Judge: James I. Cohn

Magistrate: Barry S. Seltzer

## AGREED PROTECTIVE ORDER

1.    Upon agreement of Plaintiff PERRY W. HODGES, as Personal Representative of the Estate of JOSE HIRAM GALVAN DE LA O, deceased, ("Plaintiff"), and Defendant LEARJET INC. ("LEARJET"), this Court enters the Agreed Protective Order concerning certain trade secrets, confidential and proprietary records, documents, tangible items, materials, and things produced or to be produced by Plaintiff or LEARJET during the course of this litigation.

2.    IT IS HEREBY ORDERED that all trade secrets, confidential and proprietary records, documents, tangible items, materials, and things which are produced or to be produced by Plaintiff or LEARJET (also hereinafter referred to as a "party" or "the parties") during the course of this litigation shall be produced pursuant to this Agreed Protective Order, and that Plaintiff and LEARJET shall be bound to maintain the confidentiality of any such documents or items produced.

3.    Plaintiff and LEARJET recognize that discovery in this matter may call for the production of records, documents, tangible items, materials and things containing trade secrets,

confidential and proprietary information, and other business and commercially sensitive information, and that Plaintiff and LEARJET have a protected proprietary and property interest in such records, documents, tangible items, materials and things.

4. "Confidential Information" as used herein includes any testimony, documentary and/or tangible information of any type, kind or character designated as "Confidential Information" by Plaintiff or LEARJET. In designating information as "Confidential Information", Plaintiff and LEARJET will make such designation only as to that "Confidential Information" which Plaintiff and LEARJET, in good faith, believe contains trade secrets, confidential or proprietary information, and other business and commercially sensitive information.

5. (a) Plaintiff and LEARJET shall make their designation of "Confidential Information" by stamping, marking or otherwise identifying as "Confidential Information" the testimony, records, documents, tangible items, materials and things deemed to contain trade secrets, confidential and proprietary information, and other business and commercially sensitive information. Such "Confidential Information" designation shall make such testimony, records, documents, tangible items, materials and things, and all copies, prints, summaries, or other reproductions subject to this Agreed Protective Order. In lieu of marking the original of a document, if the original is not produced, Plaintiff and LEARJET may mark the copies that are produced or exchanged. Originals shall be preserved for inspection by the parties.

(b) If in answering an interrogatory Plaintiff or LEARJET believes that the answer contains "Confidential Information", the parties shall set forth the answer in a separate document that is produced and designated as "Confidential Information" in the same manner as a produced document under the preceding subparagraph 5.(a). Answers to interrogatories should

AGREED PROTECTIVE ORDER                                                                                      PAGE 2

make reference to the separately produced document containing the answer, but such document should not be attached to the interrogatories.

(c)     Within twenty-one (21) days after the receipt of a deposition transcript (or, if the transcript is received within forty-two (42) days of the trial date or within half of the number of days remaining before trial), Plaintiff or LEARJET may inform the other of the portions of the deposition transcript the party wishes to designate as "Confidential Information". Until such time has elapsed, deposition transcripts (in their entirety) are to be considered as "Confidential Information". The party in possession of a copy of a designated deposition transcript shall appropriately mark it as containing "Confidential Information".

(d)     If Plaintiff or LEARJET believe that a producing party has produced a document which contains or constitutes "Confidential Information" of such other party, Plaintiff or LEARJET may designate the document as "Confidential Information" by so notifying the other in writing within fourteen (14) days of the receipt of this Agreed Protective Order. The party wishing to designate a document as "Confidential Information" shall follow the procedure for inadvertent disclosure in Paragraph 12 below.

6.   Access to materials designated as "Confidential Information" shall be restricted and limited to the following "Qualified Persons."

7.   "Qualified Persons," as used herein means:

(a) Persons employed by the Court and jury in connection with the handling of this action;

(b) Attorneys providing representation to the parties;

(c) Employees of the attorneys of record or the parties working under the direct supervision of such attorneys of record;

(d) Current employees, officers, partners or directors, representatives and agents of LEARJET;

(e) Former employees, officers, partners or directors of LEARJET who are potential witnesses or deponents;

(f) Outside experts or consultants provided that prior to any disclosure the attorney of record who retains the outside expert or consultant obtains such expert's or consultant's agreement to the nondisclosure agreement described in Paragraph 8 below. All nondisclosure agreements for consultants not disclosed pursuant to Fed. R. Civ. P. 26 must be maintained by attorneys of record;

(g) Certified shorthand reporters and videotape operators for the purposes of recording the testimony of deposition witnesses and preparing a written or videotaped record of testimony;

(h) Independent copying services, independent computer consulting and support services, independent translators, independent exhibit makers, and other independent litigation support services retained for purposes of this litigation who agree to maintain the confidentiality of such materials;

(i) Persons whose depositions are scheduled by a party, whether during or in preparation for said deposition;

(j) Persons who will testify at trial or pretrial hearings; and

(k) Any other person who is designated by written stipulation of the parties to have access to "Confidential Information" or by order of the Court after notice to all parties upon a showing of good cause why such person shall be so designated and opposing parties have had an opportunity to be heard in opposition thereto.

8. Each "Qualified Person" described in subparagraphs (e) or (f) of the preceding paragraph to whom "Confidential Information" is to be furnished, shown or disclosed shall first be fully informed by the disclosing party of the provisions and requirements of this Agreed Protective Order, and prior to receipt of any covered materials said person must execute the Non-Disclosure Agreement form attached hereto as Exhibit A, which states that such persons agree: (1) to be bound by the terms hereof; (2) to maintain "Confidential Information" in confidence; and (3) not to disclose "Confidential Information" to anyone other than in accordance with the

terms of this Agreed Protective Order. All such persons shall be bound by the terms of this Agreed Protective Order, and shall not permit disclosure of the "Confidential Information" contained therein other than pursuant to the terms of this Order. All deposition witnesses to whom "Confidential Information" are disclosed at depositions are hereby ordered: (1) to maintain "Confidential Information" in confidence; and (2) not to disclose "Confidential Information" to anyone other than in accordance with the terms of this Agreed Protective Order. Nothing in this Agreed Protective Order prohibits a party from using "Confidential Information" at any deposition in this case, provided other applicable measures set forth in this Agreed Protective Order are taken to ensure such "Confidential Information" is not disclosed in contravention of this Agreed Protective Order.

9. The party or parties, and/or each "Qualified Person" receiving "Confidential Information" shall not, under any circumstances, sell, offer for sale, advertise, produce or publicize the "Confidential Information". The party or parties, and/or each "Qualified Person" receiving "Confidential Information" shall use such "Confidential Information" solely in connection with this litigation, and such information shall not be disclosed to anyone except as provided herein.

10. In the event that counsel for Plaintiff or LEARJET at any stage of these proceedings has a good faith dispute regarding the designation of information produced as "Confidential Information", counsel shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved on an informal basis, the objecting party will notify the other party in writing that it is objecting to the designation of the information as "Confidential Information", the basis for the objection, and that resolution of the dispute has not succeeded. The producing party or the challenging party shall

then reasonably apply to the Court for a determination whether the document is protected by the terms of this Agreed Protective Order. Until a final determination by the Court, any disputed document will be treated as "Confidential Information" pursuant to this Agreed Protective Order. The party contending that information is "Confidential Information" shall bear the burden of proof to prove the necessity for such protection as "Confidential Information".

11. Additional parties, if any, shall be bound by the terms of this Agreed Protective Order by signing a joinder agreement. Upon signing such joinder agreement, additional parties shall be bound by the terms of this Agreed Protective Order to the same extent as are all other parties. No "Confidential Information" produced by Plaintiff or LEARJET shall be produced to any other party in this litigation unless that party also agrees to be bound by this Agreed Protective Order.

12. If Plaintiff or LEARJET inadvertently produces a document that is later discovered to be a privileged document without marking the document as "Confidential Information", the production of that document shall not be deemed to constitute the waiver of any applicable privilege. In such circumstances, the producing party must immediately notify the receiving party of the inadvertent production and provide new copies of the document appropriately designated as "Confidential Information". The receiving party shall then either return or confirm destruction of the inadvertently produced document. The receiving party shall not be liable for any publishing of inadvertently produced confidential document prior to the time the producing party notifies the receiving party of the inadvertent production.

13. If Plaintiff or LEARJET receives "Confidential Information" and is served with a demand in any other action to which it is a party or with a subpoena and directed to produce the

"Confidential Information", they shall object to the production of the "Confidential Information" setting forth the existence of this Agreed Protective Order. The party served with the demand and/or subpoena shall also give notice to the producing party that it has been requested to produce "Confidential Information".

14. If Plaintiff or LEARJET wishes to file any "Confidential Information" with the Court, Plaintiff or LEARJET shall first file a motion requesting such relief and comply with the procedures and requirements outlined in the Southern District of Florida Local Rule 5.4 — Filings Under Seal.

15. Records provided to any party by the National Transportation Safety Board (NTSB) or obtained by virtue of a party's participation in NTSB Investigation No. ERA14FA045 (the "NTSB Records") are considered Protected Material under this Agreed Protective Order until the NTSB releases the records for public disclosure or otherwise removes its restrictions on public disclosure. Counsel shall treat the records with the same care they would treat their own client's confidential information. Counsel shall inform other counsel, staff, consultants, or experts of the restrictions in the protective order prior to sharing records with them. If any party seeks the Court's approval to modify the terms of the order that changes the status of NTSB Records as Protected Material, such modification shall be subject to prior approval of the NTSB until such time as the NTSB releases the NTSB Records for public disclosure, or otherwise permits disclosure of the NTSB Records.

16. Counsel for Plaintiff and LEARJET who have access to information or materials designated as "Confidential Information" under this Agreed Protective Order, acknowledge that

they are bound by this Agreed Protective Order and submit to the jurisdiction of this Court for purposes of enforcing this Agreed Protective Order.

17. A document or information shall not be classified as "Confidential Information" if the document or information:

    a. is in the public domain at the time of disclosure, as evidenced by a written document;

    b. the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

    c. the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the legal authority to make the disclosure to the receiving party.

18. Upon termination of this litigation (whether by judgment, settlement or otherwise), upon specific written request of the producing party, all parties shall assemble and destroy all "Confidential Information", including copies thereof, within forty-five (45) days of the final resolution of this litigation.

19. "Right to Additional Safeguards". This Agreed Protective Order is without prejudice to either producing party's right to request, by noticed motion, a more restrictive level of confidentiality for any information that it considers more highly confidential and/or sensitive.

SIGNED this 23rd day of March, 2015.

BARRY S. SELTZER
CHIEF UNITED STATES ~~DISTRICT~~ JUDGE
MAGISTRATE

Copies furnished to:
Counsel of Record

**AGREED PROTECTIVE ORDER**      **PAGE 8**

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PERRY W. HODGES, as Personal Representative
of the Estate of JOSE HIRAM GALVAN
DE LA O, deceased

    Plaintiff,

v.

LEARJET, INC. and MAGELLAN AEROSPACE
CORPORATION,

    Defendants.
_____/

Case No. 0:15-cv-60105

USDC Judge: James I. Cohn

Magistrate: Barry S. Seltzer

## NON-DISCLOSURE AGREEMENT

I, _____, hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of an Agreed Protective Order entered by the United States District Court for the Southern District of Florida, in connection with the action entitled *Perry W. Hodges, as Personal Representative of the Estate of JOSE HIRAM GALVAN DE LA O, deceased v. LEARJET INC.*, Case No. 0:15-cv-60105.

I further certify that I have been provided a copy of and have read the Agreed Protective Order. I understand that the Agreed Protective Order prohibits me from either using or disclosing "Confidential Information" for any purpose other than as set forth in and pursuant to the Agreed Protective Order entered by the Court (unless such materials lose their confidentiality status pursuant to agreement of the parties, operation of the Agreed Protective Order or by Order of the Court). I hereby agree to subject myself to the jurisdiction of the Court for purposes of

AGREED PROTECTIVE ORDER

PAGE 9

enforcement of the terms and restrictions of the Agreed Protective Order. I understand that violation of the Agreed Protective Order is punishable as contempt of court.

Date: _____    _____
                                              Signature